# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| UNITED STATES | ) | No. ACM 25008 |
| *Appellee* | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| Aliyah L. MONROE | ) | |
| Staff Sergeant (E-5) | ) | |
| U.S. Air Force | ) | |
| *Appellant* | ) | Panel 2 |

On 28 May 2026, the Government moved this court for leave to file a motion to dismiss, accompanied by a motion to dismiss Appellant's case for failure to meet the 90-day filing deadline for a direct appeal before this court in accordance with Article 66(c)(1)(A), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c)(1)(A).[1,2] On this same date, the Government moved this court to attach a United States Postal Service (USPS) tracking document to Appellant's record. Appellant opposed the motion. After a thorough review of the record of trial, and pleadings by the parties, the following background is provided.

## BACKGROUND

On 19 March 2024, a military judge convicted Appellant, contrary to her pleas, of one specification of absenting herself from her place of duty, in violation of Article 86, UCMJ, 10 U.S.C. § 886.[3] Appellant was sentenced to 77 days of confinement, a reduction to the grade of E-2, and a reprimand. The convening authority took no action on the findings and on the sentence, but provided

---

[1] The Government titled this motion "United States' Motion for Leave to File Motion to Dismiss." Within the motion it is clear the Government intended to combine the motion for leave to file the motion to dismiss with the motion to dismiss as allowed per Jt. CT. CRIM APP. R. 23(d). Appellant responded to this motion as if it was a combined Motion for Leave to File a Motion to Dismiss and Motion to Dismiss.

[2] *Manual for Courts-Martial, United States* (2019 ed.).

[3] The military judge acquitted Appellant of one specification of failing to go to her prescribed appointed place duty, in violation of Article 86, UCMJ, and one specification of fleeing apprehension, in violation of Article 87a, UCMJ, 10 U.S.C. § 887a.

the language for the reprimand. On this same date, Appellant signed the *Post-Trial and Appellate Rights Advisement* form, which included her rights to appellate review.

Additionally, on 19 March 2024, Appellant signed Air Force (AF) Form 304, *Request for Appellate Defense Counsel*, electing not to request appellate defense counsel. On 7 May 2024, Appellant signed another AF Form 304, this time electing to have appellate defense counsel representation.[4] On both forms, Appellant provided a Post Office (P.O.) Box address located in Clovis, New Mexico; the second AF Form 304 also included two email addresses and a phone number.[5]

On 24 July 2024, the Government prepared a memorandum to be forwarded to Appellant, titled *Notice of Right to Submit Direct Appeal to the Air Force Court of Criminal Appeals* (hereinafter referred to as "Notification"). This Notification informed Appellant of her right to submit a direct appeal to this court. The relevant language is as follows:

> Your appeal is not automatic, nor is it required. The decision to file an appeal is entirely yours. . . . If you choose to file an appeal, your application for appeal must be received by [the United States Air Force Court of Criminal Appeals] within 90 days from the date on which you receive this letter.

On 29 July 2024, the base legal office at Hurlburt Field, Florida, sent Appellant, via certified mail, in accordance with Article 65(c)(1), UCMJ, 10 U.S.C. § 65(c)(1), the Notification to the P.O. Box address in Clovis, New Mexico, noted on Appellant's AF Form 304. The record of trial contains the certified mail receipt. In addition, the USPS tracking document provided by the Government via their motion to attach confirms that the Notification was *deposited* in the mail for delivery by first class certified mail. According to the tracking document, the Notification was available at Appellant's Clovis, New Mexico, address on 1 August 2024, and remained available for pick up for two weeks. On 15 August 2024, the USPS marked the Notification as "unclaimed," and returned it to sender. The USPS tracking document shows delivery of the Notification back to Hurlburt Field on 4 September 2024.

---

[4] If an accused initially declines appellate representation after sentence is announced, the accused must be given another opportunity to elect or decline appellate representation after the convening authority's decision on action is served upon the accused. *See* Department of Air Force Instruction (DAFI) 51-201, ¶ 24.2.2 (24 Jan. 2024).

[5] An accused is required to provide "an adequate mailing address" on the AF Form 304 regardless of whether they request an appellate counsel or not. *See* DAFI 51-201, ¶ 24.1.3.

Upon receipt of the unclaimed Notification, a senior military justice paralegal attached the Notification to an email sent to Appellant on 24 September 2024, informing her that the Government received it back as "unclaimed." After receiving no response, the paralegal again emailed Appellant, on 1 October 2024, stating, "We've been attempting to contact you regarding your appellate rights. Please see message below and read the attached notice. Should you decide to appeal, please follow the instructions in the attached memo."[6] Appellant immediately responded on 1 October 2024 saying, "Yes, ma'am, Thank you. I will carry this out."

According to a short memo prepared by the paralegal, and included in the record of trial, the paralegal contacted the Appellate Records Branch (JAJM) on 7 January 2025 to see if Appellant had filed a direct appeal with this court. According to the paralegal, JAJM indicated Appellant had not filed anything. The paralegal further stated that Appellant's command "proceeded with the [Article 65, UCMJ, 10 U.S.C. § 65,] review and sent an email to the [Appellant] in an attempt to get a current mailing address to send the required certified mail notice of her [Article 65, UCMJ,] review."[7]

The record of trial shows that on 15 January 2025, a judge advocate, on behalf of The Judge Advocate General of the Air Force, completed an Article 65, UCMJ, review of Appellant's case, with no identified issues.

On 17 January 2025, Appellant submitted her notice of direct appeal to this court. Within this appeal, counsel for Appellant asserted "the required notice of her right to appeal within 90 days was not delivered via certified mail, and it was not deliverable at the address recorded on the letter in the record of trial."

On 21 January 2025, this court prepared a Notice of Docketing in response to Appellant's notice of direct appeal; however, the notice further stated that "[t]he court defers decision with regard to timeliness of Appellant's appeal pending receipt of the record of trial." On 13 February 2025, the court received the record of trial. Afterwards, this court received and granted Appellant's request for 12 enlargements of time, all over government objection. On 18 May 2026, Appellant then filed her brief for review on its merits, along with five issues personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). On 17 June 2026, the Government filed its answer in response

---

[6] We note that the paralegal only used one of the two email addresses provided by Appellant and incorrectly transposed Appellant's address in the 24 September 2024 email. Thus, Appellant only received the email forwarded on 1 October 2024.

[7] There is no further information in the record or the parties' pleadings that states whether Appellant provided a new or different address for the Article 65, UCMJ, review.

to Appellant's raised issues. The Government did not raise the issue of timeliness until they filed their motion to dismiss Appellant's case on 26 May 2026.

## LAW AND ANALYSIS

Article 66(b)(1)(A), UCMJ, affords an accused the opportunity to file an appeal before a Court of Criminal Appeals. Per Article 66(c)(1), UCMJ, a direct appeal is timely if it is filed before the later of "the end of the 90-day period beginning on the date the accused is provided notice of appellate rights" or "the date set by the Court of Criminal Appeals by rule or order."

Rule for Courts-Martial (R.C.M.) 1203(c) provides that this court "shall review a timely appeal from the judgment of the court-martial . . . ." R.C.M. 1203(d) defines "timely" as "filed in accordance with Article 66(c)[, UCMJ,] and the rules prescribed under Article 66(h)[, UCMJ]."

If an accused does not file a timely appeal before a Court of Criminal Appeals, an Article 65(d), UCMJ, 10 U.S.C. § 865(d), review is conducted by The Judge Advocate General on such cases eligible for direct appeal. *See* Article 65(d)(3)(A)(ii), UCMJ, 10 U.S.C. § 865(d)(3)(A)(ii).

At present, neither this court nor The Judge Advocate General has established rules or orders governing this issue under Article 66(c)(1)(B) or Article 66(h), UCMJ.

With regard to the notice requirement, Article 65(c)(1), UCMJ, *Notice of Right to Appeal*, states

> The Judge Advocate General shall provide notice to the accused of the right to file an appeal under [Article 66(b)(1), UCMJ,] by means of *depositing in the United States mails for delivery by first class certified mail* to the accused at an address provided by the accused or, if no such address has been provided by the accused, at the latest address listed for the accused in the official service record of the accused.

10 U.S.C. § 865(c)(1) (emphasis added); *see also* R.C.M. 1116(b)(2).

In contrast, the notice requirement for appellants requesting a grant of review by the Court of Appeals for the Armed Forces (CAAF) per Article 67(1), UCMJ, 10 U.S.C. § 867(1), states:

> (b) The accused may petition the Court of Appeals for the Armed Forces for a review of a decision of a Court of Criminal Appeals within 60 days from the earlier of –
>
> (1) the date on which the accused is notified of the decision of the Court of Criminal Appeals; *or*

(2) the date on which a copy of the decision of the Court of Criminal Appeals, after being served on appellate counsel of record for the accused (if any), is *deposited in the United States mails for delivery by first-class certified mail* to the accused at an address provided by the accused or, if no such address has been provided by the accused, at the latest address listed for the accused in his official service record.

Article 67(b)(1), (2), UCMJ, 10 U.S.C. § 867(b)(1),(2) (emphasis added).

Notably Article 67(b), UCMJ, allows for *either* actual notice OR notice via depositing for delivery by first-class certified mail. Article 67(b)(2), UCMJ, requires both service on appellate counsel of record (if any), as well as being "deposited . . . for delivery by first-class certified mail." In cases where actual notice has not occurred, so long as the appellate counsel has been notified, our superior court has long accepted the notion of "constructive service" or "constructive notice" for Appellant notification and considers service to be on the day notice was sent to the Appellant via certified mail. *See United States v. Rorie*, 58 M.J. 399, 400 (C.A.A.F. 2003) (citing Article 67(b)(2), UCMJ).[8]

Article 67(b), UCMJ, allows for either actual or constructive notice to Appellant, while Article 65, UCMJ, only requires that notice be deposited in the mail for delivery, thereby requiring only constructive notice. As Article 65(c)(1), UCMJ, does not require service on the appellate counsel of record (mostly likely because that relationship has not yet been formed), constructive service would be the date the notice was *deposited* for delivery.

Thus, Appellant was constructively served notice of her right to file a direct appeal on 29 July 2024. This should have started Appellant's 90-day clock in which to file her direct appeal.

With no requirement for "actual notice" under Article 65(c), UCMJ, the issue of whether an email notification provides Appellant sufficient notice of her appellate rights is not an issue before this court. However, even if we were to determine alternate methods of notification were acceptable, Appellant's direct appeal was still untimely. Appellant received an email with the Notification on 1 October 2024 and acknowledged the email the same day. Appellant did not

---

[8] In *Rorie,* the Deputy Clerk of the United States Army Court of Criminal Appeals (ACCA) sent notice of ACCA's decision on 5 July 2002 to Appellant by certified mail, return receipt requested. On 12 July 2002, the United States Postal Service returned the certified mail with the notation "Forward Time Exp Rtn to Send." The CAAF found "[c]onstructive service was therefore effected on July 5, 2002, as appellate defense counsel had received a copy of the decision and the decision had been deposited in the United States mail to Appellant on that date." *Rorie,* 58 M.J. at 400 (citing Article 67(b)(2), UCMJ).

file her direct appeal until 17 January 2025, a full 108 days later. Appellant only filed after the Government contacted her again to confirm the mailing address for notice of Appellant's Article 65(d), UCMJ, review.

The court considered the Government's motions, Appellant's opposition, case law, and this court's Rules of Practice and Procedure.

Accordingly, it is by the court on this 18th day of June, 2026,

**ORDERED:**

Government's Motion to Attach is **GRANTED.**

Government's Motion for Leave to File a Motion to Dismiss and Motion to Dismiss are **GRANTED.**

The record of trial in the above-captioned case is returned to The Judge Advocate General for further processing in accordance with this court's decision.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court